UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:                              )
                                    )     Case No. 20-48744
Lapeer Industries, Inc.,            )     Chapter 11
                                    )     Hon. Phillip J. Shefferly
        Debtor.                     )
_____/

## ORDER (I) ESTABLISHING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION AND A SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (III) SETTING CERTAIN DATES AND DEADLINES IN CONNECTION THEREWITH, AND (IV) <u>GRANTING RELATED RELIEF</u>

This matter having come before the Court on *Debtor's Motion for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling an Auction and a Sale Hearing in Connection with the Sale of Substantially All of Debtor's Assets, (III) Establishing Dates and Deadlines in Connection with the Sale, and (IV) Granting Related Relief;* and *for Entry of an Order (A) Authorizing the Sale of Substantially All of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* ("Sale Motion")[1] [Docket No. 209] and upon the Stipulation to Entry of Order (I) Establishing Bidding Procedures, (II) Scheduling an Auction and a Sale Hearing in Connection with the Sale of Substantially All of Debtor's Assets, (III) Setting Certain Dates and Deadlines in Connection Therewith, and (IV) Granting Related Relief (the "Stipulation"); proper notice of the Sale Motion having been provided to all parties entitled thereto as required by applicable law, and no other or further notice being required; objections, if any, to the entry of this Bidding Procedure

---

[1] Capitalized terms used but not defined have the meanings given to them in the Sale Motion.

Order having been withdrawn, resolved, or overruled; the Court finding that (a) it has jurisdiction to enter this Bidding Procedures Order pursuant to 28 U.S.C. § 1334; and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing to the Court that the relief granted by the Bidding Procedures Order is in the best interest of Debtor, its estate, and its creditors; the Court being otherwise fully advised on the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED, solely to the extent that it requests entry of this Bidding Procedures Order and as provided herein.

2. All objections to the entry of this Bidding Procedures Order not settled, withdrawn, or otherwise resolved are overruled.

3. Objections, if any, to the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order must: (a) be in writing; (b) conform to any applicable requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any applicable local rules of procedure of this Court; (c) set forth the name of the objecting party and the nature of any claims or interests held by such party against or in Debtor's estate or property; (d) state with particularity the legal and factual bases for the objection and the specific grounds therefore; and (e) be filed with the Clerk of the Court, and served on Debtor's counsel so as to be received, on or before **December 15, 2020 at 3:00 p.m., prevailing Eastern Time** ("Sale Objection Deadline").

4. Any reply brief shall be filed by no later than **December 16, 2020 at 11:00 a.m. (Eastern).**

5. Any person or entity that fails to make an objection by the Sale Objection Deadline is forever barred from asserting any objection to the entry of the Sale Order.

6. A hearing ("<u>Sale Hearing</u>") to consider the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order shall be held on **<u>December 16, 2020 at 3:00 p.m. (Eastern)</u>** and shall be held by telephone before the Honorable Phillip J. Shefferly, (in accordance with his published practices).

7. The Bidding Procedures attached to the Stipulation as Exhibit 2 are incorporated herein by reference and approved and shall apply to the sale of the Assets.

8. The Notice of Auction and Sale attached to the Stipulation as Exhibit 3 is incorporated herein by reference and approved.

9. The proposed assumption and assignment notice ("<u>Assumption and Assignment Notice</u>") attached to the Stipulation as Exhibit 4 is incorporated herein by reference, approved, and deemed sufficient for all purposes, and no further notice shall be required.

10. The following Assumption and Assignment Procedures are approved and shall apply to the assumption and assignment by Debtor of certain executory contracts and unexpired leases ("<u>Assumed and Assigned Agreements</u>"):

   a. By no later than three days after entry of this Bidding Procedures Order, the Debtor will file a schedule ("<u>Cure Schedule</u>") which will be attached to the Assumption and Assignment Notice, identifying (i) the Assumed and Assigned Agreements, to potentially be assumed and assigned to a Winning Bidder in the event of a Sale and (ii) the amount, if any, the Debtor believes is necessary to cure all monetary defaults and other defaults under such agreement pursuant to § 365 of the Bankruptcy Code ("<u>Cure Costs</u>").

   b. Upon the filing of the Cure Schedule, the Debtor will serve the Cure Schedule and the Assumption and Assignment Notice on each of

the non-debtor counterparties listed on the Cure Schedule by first class mail.

c. The Assumption and Assignment Notice will state that the Debtor is or may be seeking the assumption and assignment of the Assumed and Assigned Agreement and include (i) a description of each executory contract and unexpired lease that may be assumed and assigned in connection with the Sale, (ii) the deadline for objecting ("Cure/Assignment Objection") to the amount of the proposed Cure Costs related to any executory contract or unexpired lease is **November 30, 2020 at 5:00 p.m. Eastern Time** ("Cure/Assignment Objection Deadline") and (iii) the deadline for objecting ("Adequate Assurance Objection") to the ability of any Winning Bidder to provide adequate assurance of future performance under any Assumed and Assigned Agreement is **December 15, 2020 at 3:00 p.m.** Eastern Time ("Adequate Assurance Objection Deadline" and collectively with the Cure/Assignment Objection Deadline, the "Cure/Adequate Assurance Objection Deadlines").

d. Each Cure/Assignment Objection and/or Adequate Assurance Objection must be filed with the Bankruptcy Court and served on Debtor's counsel so that it is received by the applicable Cure/Adequate Assurance Objection Deadline.

e. If no objections are received with respect to any Assumed and Assigned Agreement, then the Cure Costs set forth in the Cure Schedule for such agreement will be binding upon the non-debtor counterparty to such agreement for all purposes and will constitute a final determination of the Cure Costs required to be paid by or on behalf of the applicable Debtor in connection with the assumption and assignment of such agreement.

f. In addition, all counterparties to the Assumed and Assigned Agreements who fail to file an objection before the Cure/Adequate Assurance Objection Deadlines, as applicable, will be (i) forever barred from objecting to the Cure Costs or adequate assurance of future performance with respect to the Assumed and Assigned Agreements, and the Debtor and the Winning Bidder will be entitled to rely solely upon the Cure Cost set forth on the Cure Schedule, (ii) deemed to have consented to the assumption and assignment, and (iii) forever barred and estopped from asserting or claiming against the applicable Debtor or the Winning Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied or that there is any other objection or defense to the assumptions or assignment of the applicable Assumed and Assigned Agreement.

g. The Debtor or the Winning Bidder may amend the Cure Schedule to remove any Assumed and Assigned Agreement at any time before such Assumed and Assigned Agreement is actually assumed and assigned pursuant to an order of the Court. The non-debtor party or parties to any such removed contract or lease will be notified of such exclusion by written notice mailed within one (1) business day after such amendment.

11. Any timely filed and unresolved Cure/Assignment Objection and/or Adequate Assurance Objection will be heard at the Sale Hearing.

12. The presence of an Assumed and Assigned Agreement on the Cure Schedule does not constitute an admission that such Assumed and Assigned Agreement is an executory contract or unexpired lease or that the Assumed and Assigned Agreement will be assumed, assigned, or both.

13. Debtor shall provide notification pursuant to Section 2 of the Bidding Procedures by no later than three (3) days after entry of this Order.

14. Nothing in this Order or otherwise shall affect any right which may exist in favor of any entity holding a valid and enforceable Lien from exercising any right afforded to such holder pursuant to § 363(k) of the Bankruptcy Code; provided however that if the Debtor receives an unconditional offer for the Assets that is equal to or greater than $2,500,000.00 in cash, then Trion Solutions, Inc. and Trion Staffing Solutions, Inc. waive their respective rights to credit bid pursuant to § 363(k) of the Bankruptcy Code.

15. The Debtor shall make no further rent payments with respect to 3140 John Conley Drive Lapeer, MI 48446 until the closing of a sale of substantially all of Debtor's assets in accordance with this order.

16. The Debtor shall make no further payments to Daniel Schreiber whether in the form of salary or otherwise until the closing of a sale of substantially all of Debtor's

assets in accordance with this order and any payments due between the date of this order and the closing are waived except for any ordinary course salary payments due to Mr. Schreiber on account of work performed prior to the date of this Order.

17. If (1) the CRO makes a good faith determination that their work is essential to the Debtor's current operations and the compensation is fair in relation to the work provided and (2) their pay is consistent with their past history, then (a) Ryan Schreiber, an hourly employee of the Debtor may continue to receive $28 per hour for the time he works for the Debtor up to 40 hours a week and (b) Stephanie Bland may continue to receive $18 per hour for the time she works for the Debtor up to 40 hours a week.

18. The Committee, Trion Solutions, Inc., Trion Staffing Solutions, Inc., and Manufacturers Capital, a division of Commercial Credit Group, Inc., reserve all rights and objections with respect to the approval of the Sale Motion, including without limitation, an objection based on the grounds that the contemporaneously filed Motion to Approve Compromise under Bankruptcy Rule 9019 was not approved by the Court.

19. The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**Signed on November 19, 2020**



/s/ Phillip J. Shefferly
———————————————
**Phillip J. Shefferly**
**United States Bankruptcy Judge**